UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-625-RJC-DCK

| ANTOINE FORD, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| FOOD LION, LLC, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**THIS MATTER** comes before the Court on pro se Plaintiff Antoine Ford's ("Ford" or "Plaintiff") Motion to Reconsider, (Doc. No. 33), and Motion for Relief Under Judgment, (Doc. No. 37), and on Defendant Food Lion, LLC's ("Food Lion" or "Defendant") Motion to Dismiss with Prejudice, (Doc. No. 38).

## I. BACKGROUND

On March 29, 2013, this Court issued an Order granting Defendant Food Lion, LLC's ("Food Lion") Motion to Enforce Settlement. (Doc. No. 32). Subsequent to that Order, Ford brought these consecutive Motions requesting the Court to reconsider its decision in light of alleged fraud in the form of fabricated evidence. (Doc. Nos. 33; 37).

On April 1, 2013, this Court entered a Text Order directing the parties to file a stipulation of dismissal within fourteen days. On April 15, 2013, Food Lion filed the pending Motion to Dismiss with Prejudice, (Doc. No. 38). In its Motion, Food Lion argues that Ford "is unwilling to cooperate with Food Lion and file a Stipulation of Dismissal with Prejudice in accordance with the Court's orders." (Id. at 3).

## II. DISCUSSION

    A.    <u>Plaintiff's Motion for Reconsideration and Motion for Relief Under Judgment</u>

Although the Federal Rules of Civil Procedure do not specifically address motions for reconsideration, they come "in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e)," <u>Christian v. Moore</u>, No. 3:13-cv-100-FDW-DSC, 2013 WL 937764, at *1 (W.D.N.C. Mar. 11, 2013), and "are allowed in certain, limited circumstances," <u>Wiseman v. First Citizens Bank & Trust Co.</u>, 215 F.R.D. 507, 509 (W.D.N.C. 2003). The purpose of a motion to reconsider is to present the Court with newly discovered evidence or to correct manifest errors of law in a prior order. <u>DirecTV, Inc. v. Hart</u>, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (quoting <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3rd Cir. 1985)). "Such problems rarely arise and the motion to reconsider should be equally rare." <u>Wiseman</u>, 215 F.R.D. at 509 (quoting <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

    It appears from Ford's duplicative motions that he seeks relief under Federal Rules of Civil Procedure 52(a)(5), 59(e), and 60(b)(3) as a result of fraud allegedly perpetrated on the Court by opposing counsel. (Doc. Nos. 33 at 1; 37 at 1, 4-6). He claims that the emails in the record relied upon by the Court were fabricated by opposing counsel. (Doc. Nos. 33 at 2; 37 at 5-6). Accordingly, in both Motions, he asks the Court to reconsider its Order granting enforcement of the settlement agreement he entered into with Food Lion. (Doc. Nos. 33; 37).

    In reaching its decision to enforce the settlement agreement, the Court relied heavily on email correspondence between Ford and his attorney, as well as email correspondence between Ford's attorney and counsel for Food Lion. <u>See</u> (Doc. No. 32). Ford's claims are wholly unsupported, however, because there is no evidence that these emails were fabricated. He

presents no newly discovered evidence, see DirecTV, 366 F. Supp. 2d at 317, and the Court requires more than mere conjecture to warrant a finding of fraud. Further, it appears that Ford's true intent in alleging fraud is simply to rehash the issue of whether there was sufficient evidence in the record before the Court to permit a finding as a matter of law that a settlement agreement was reached between the parties. See (Doc. No. 33 at 2) (Ford states that "[o]ne cannot ascertain by this evidence when there was an agreement"); (Doc. No. 37 at 2-4) (presenting arguments against the Court's earlier finding enforcing the settlement agreement).

A motion to reconsider cannot "merely ask[] the court 'to rethink what the Court had already thought through—rightly or wrongly.'" DirecTV, Inc., 366 F. Supp. 2d at 317 (quoting Harsco, 779 F.2d at 909). Nor is it proper for the Court to entertain new, unrelated arguments, presented for the first time. Wiseman, 215 F.R.D. at 509. Plaintiff's Motion to Reconsider and Motion for Relief Under Judgment must be denied.

B. Defendant's Motion to Dismiss with Prejudice

On March 29, 2013, the Court entered an Order granting Food Lion's Motion to Enforce Settlement Agreement. (Doc. No. 32). The Settlement Agreement states that Plaintiff shall file a Stipulation of Voluntary Dismissal with Prejudice immediately after all parties had executed the Agreement. See (Doc. No. 24-2 at 5-23: Settlement Agreement). Food Lion represents to this Court that Plaintiff is unwilling to sign the Stipulation of Dismissal. See (Doc. No. 38 at 2-3). Therefore, pursuant to the Court's Order granting Food Lion's Motion to Enforce Settlement Agreement and the Court's Text Order directing the parties to file a Stipulation of Dismissal, the Court hereby enters an Order dismissing Plaintiff's Complaint with Prejudice. See FED. R. CIV. P. 41(b).

**III.   CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Reconsider, (Doc. No. 33), is **DENIED**;

2. Plaintiff's Motion for Relief Under Judgment, (Doc. No. 37), is **DENIED**;

3. Defendant's Motion to Dismiss with Prejudice, (Doc. No. 38), is **GRANTED**; and

4. The Clerk of Court is directed to close this case.

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge