# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:11-cv-625-RJC-DCK

| | |
|---|---|
| ANTOINE FORD, | )  |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| FOOD LION, LLC, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on pro se Plaintiff Antoine Ford's second Motion for Relief Under Judgment, (Doc. No. 45).

## I. BACKGROUND

On March 29, 2013, this Court issued an Order granting Defendant Food Lion, LLC's ("Food Lion") Motion to Enforce Settlement. (Doc. No. 32). Subsequent to that Order, Plaintiff Antoine Ford ("Ford") brought consecutive Motions requesting the Court to reconsider its decision in light of alleged fraud in the form of fabricated evidence. (Doc. Nos. 33; 37). On April 29, 2013, the Court denied Ford's Motions for Relief Under Judgment and for Reconsideration, granted Plaintiff's Motion to Dismiss with prejudice, and directed the Clerk of Court to close the case. (Doc. No. 42). On June 11, 2013, Ford filed yet another Motion for Relief Under Judgment. (Doc. No. 45). In his Motion, Ford again alleges that his former attorney and Food Lion's counsel conspired to commit fraud in an effort to settle his case without his permission. (Id.).

## II. STANDARD OF REVIEW

Rule 60(b)(3) of the Federal Rules of Civil Procedure provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." The Fourth Circuit has "set forth three factors that a moving party must establish to prevail on a Rule 60(b)(3) motion: (1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994) (citing Square Constr. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981)). "After proof of these elements, 'the court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case.'" Id. (quoting Square Constr. Co., 657 F.2d at 71). Rule 60(b) provides an extraordinary remedy that can be invoked only upon a showing of exceptional circumstances. See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) (quoting Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979)).

## III. DISCUSSION

In the pending Motion for Relief Under Judgment, Ford claims that his attorney settled his case without his permission, "threatened to have the settlement enforced and conspired with opposing counsel to falsify evidence to have the settlement enforce[d]." (Doc. No. 45 at 2). Ford's arguments are premised on a belief that the emails in his possession and those filed by Food Lion are substantially different. Ford points to alleged differences in the emails, such as the inclusion of the words "kind regards, Melissa" in a December 12, 2012 email and the

exclusion of those same words from another version of the same December 12 email. Ford makes much of these differences, arguing that they prove the attorneys falsified the documents in an apparent effort to settle his case without his permission.

In its April 29, 2013 Order denying Ford's first Motion for Relief Under Judgment and Motion for Reconsideration, this Court reasoned as follows:

> It appears from Ford's duplicative motions that he seeks relief under Federal Rules of Civil Procedure 52(a)(5), 59(e), and 60(b)(3) as a result of fraud allegedly perpetrated on the Court by opposing counsel. (Doc. Nos. 33 at 1; 37 at 1, 4-6). He claims that the emails in the record relied upon by the Court were fabricated by opposing counsel. (Doc. Nos. 33 at 2; 37 at 5-6). Accordingly, in both Motions, he asks the Court to reconsider its Order granting enforcement of the settlement agreement he entered into with Food Lion. (Doc. Nos. 33; 37).
>
> In reaching its decision to enforce the settlement agreement, the Court relied heavily on email correspondence between Ford and his attorney, as well as email correspondence between Ford's attorney and counsel for Food Lion. See (Doc. No. 32). Ford's claims [of fraud] are wholly unsupported, however, because there is no evidence that these emails were fabricated. He presents no newly discovered evidence, see DirecTV, 366 F. Supp. 2d at 317, and the Court requires more than mere conjecture to warrant a finding of fraud. Further, it appears that Ford's true intent in alleging fraud is simply to rehash the issue of whether there was sufficient evidence in the record before the Court to permit a finding as a matter of law that a settlement agreement was reached between the parties. See (Doc. No. 33 at 2) (Ford states that "[o]ne cannot ascertain by this evidence when there was an agreement"); (Doc. No. 37 at 2-4) (presenting arguments against the Court's earlier finding enforcing the settlement agreement).

(Doc. No. 42 at 2-3). Ford's allegations in his second Motion for Relief Under Judgment are largely the same as those in his first Motion. Therefore, the Court will deny Ford's second Motion for Relief Under Judgment, (Doc. No. 45), for the same reasons it denied the first Motion.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Ford's Motion for Relief Under Judgment, (Doc. No. 45), is **DENIED**;

2. Ford is reminded that this case is closed, and he is cautioned that any further filings may result in the imposition of a pre-filing injunction against him; and

3. The Clerk of Court is directed to send a copy of this Order to the Fourth Circuit Court of Appeals.

Signed: July 26, 2013

Robert J. Conrad, Jr.
United States District Judge