# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-625-RJC-DCK

| ANTOINE FORD, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | **ORDER** |
| FOOD LION, LLC, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** comes before the Court on Defendant Food Lion, LLC's Motion for Sanctions, (Doc. No. 48), filed on July 12, 2013. Plaintiff has not responded to Defendant's Motion and the time for doing so has expired.

## I. BACKGROUND

On March 29, 2013, this Court issued an Order granting Defendant Food Lion, LLC's ("Food Lion") Motion to Enforce Settlement. (Doc. No. 32). Subsequent to that Order, Plaintiff Antoine Ford ("Ford") brought consecutive Motions asking the Court to reconsider its decision in light of alleged fraud in the form of fabricated evidence. (Doc. Nos. 33; 37). On April 29, 2013, the Court denied Ford's Motions for Relief Under Judgment and for Miscellaneous Relief, granted Plaintiff's Motion to Dismiss with prejudice, and directed the Clerk of Court to close the case. (Doc. No. 42).

Despite the Court's Order, Ford filed another Motion for Relief Under Judgment on June 11, 2013, (Doc. No. 45), which this Court denied on July 26, 2013, (Doc. No. 50). In his Motion, Ford again alleged that Food Lion committed fraud. (Id.). Food Lion, understandably frustrated at having to respond to yet another motion by Ford in a case that has been closed since

April, filed the present Motion for Sanctions. (Doc. No. 48). In its Memorandum in Support of its Motion for Sanctions, Food Lion asks this Court to "enter sanctions against Plaintiff, including the imposition of a filing injunction order prohibiting Plaintiff from filing any further actions against Food Lion without this Court's prior permission, and an order requiring Plaintiff to pay Food Lion the costs and attorneys' fees incurred in bringing the instant motion and ordering him to pay such costs and attorneys' fees before bringing any further actions against Food Lion." (Doc. No. 49 at 6).

## II. DISCUSSION

The Court does not lightly consider the imposition of a pre-filing review system upon Plaintiff: "a judge should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004). The use of such a measure against a pro se litigant should be approached with particular care. Id. at 818. In Cromer, the Fourth Circuit identified a test for determining whether to impose limitations on a litigant's access to the Courts. Id. The Court must:

> weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. "'Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" Black v. New Jersey, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011) (unpublished) (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

As to the foregoing factors, the Court has already outlined Plaintiff's history of filings in this case, which reflects a lack of respect for the judicial process. Plaintiff lacked a good faith basis for filing the second and third motions for relief under judgment. (Doc. Nos. 37; 45). The Court finds that Plaintiff's filings border on harassment. They have caused the Court and Food Lion to expend unnecessary resources. Based upon these circumstances, the Court concludes that Plaintiff will continue his abusive behavior if he is not subjected to a pre-filing review system.

Plaintiff is hereby warned that the Court may impose a pre-filing review system upon him. Plaintiff shall have fourteen (14) days to explain why such system should not be imposed. See Vandyke v. Francis, 1:12cv128, Doc. No. 4 (W.D.N.C. July 3, 2012); see also Black, 2011 WL 102727, at *1 (Before imposing a pre-filing injunction, "the litigant must be given notice and an opportunity to be heard on the matter."). In the event that Plaintiff fails to articulate a reason why the pre-filing review system should not be imposed, the Court will enter an Order directing that all documents submitted by Plaintiff in the future be pre-screened for content. The Court will review all of Plaintiff's intended filings against Food Lion in this action. Any such document that is not made in good faith or which does not contain substance or merit, will be returned to Plaintiff without further explanation. Such a system will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions. See Vandyke v. Francis, 1:12cv128, Doc. No. 4.

The Court, however, declines to order sanctions beyond the possible imposition of a pre-filing review system. District Courts are to consider a variety of factors in determining whether to impose sanctions, and the nature of such sanctions. These factors are:

> (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice his non-compliance caused his adversary, which necessarily includes an

inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Wilson v. Volkswagen, 561 F.2d 494, 503-04 (4th Cir. 1989).  Here, absent evidence of bad faith, the Court finds the possible imposition of a pre-filing review system to be a sufficient sanction for Plaintiff's meritless and repetitive motions.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion for Sanctions, (Doc. No. 48), is **GRANTED in part and DENIED in part**; and

2. Plaintiff shall have **fourteen (14) days** to explain why a pre-filing review system should not be imposed.  In the event that Plaintiff fails to articulate a reason why such system should not be imposed, the Court will enter an Order directing that all documents submitted by Plaintiff in this action be pre-screened for content.  Any such document that is not made in good faith or which does not contain substance or merit, will be returned to Plaintiff without further explanation.

Signed: August 19, 2013

Robert J. Conrad, Jr.
United States District Judge